Benjamin Wright
Wright Law Offices
668 N. 44th Street, Ste 300
Phoenix, AZ 85008
602-540-2328
480-717-3380 (fax)
bwright@wloaz.com
Attorney for the Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| In Re: | In Proceedings Under Chapter 13 |
| --- | --- |
|  | Case No. 2:17-bk-11936-BKM |
| EID K. BADR, |  |
| Debtor(s). | STIPULATED ORDER CONFIRMING AMENDED CHAPTER 13 PLAN |

The Amended Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Amended Plan of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtor shall make the following monthly Plan payments:

| Months | Amount |
| --- | --- |
| 1 – 3 | $710.00 |
| 4 – 60 | $895.00 |

The payments are due on or before the 6th day of each month commencing November 6, 2017. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtor shall provide, directly to the Trustee copies of his **federal** and **state** income tax returns, including all attachments, forms, schedules and statements, for post-petition years within 30 days of filing them. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

(2) Other Property. *The Debtors shall provide, directly to the Trustee their net federal and state income tax refunds for tax years 2017, 2018, 2019, 2020 and 2021 and as supplements to the plan for the benefit of unsecured creditors. In the event that other property is submitted, it shall be treated as*

1

*supplemental payments.* In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B) **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

(1) Administrative expenses:

Attorney Fees. Benjamin J. Wright shall be allowed total compensation of $4,500.00. Counsel received $600.00 prior to representing Debtor in this case and will be paid $3,900.00 by the Chapter 13 Trustee for pre-confirmation services. Attorney will perform all items in section F(1) of the Chapter Plan and such services, excluding representation in any adversary proceedings, are to be included in the above fees for all pre-confirmation services.

(2) Claims Secured by Real Property:

  a. U.S. Bank Trust N.A. as Trustee of Bungalow Series F Trust ("U.S. Bank"), secured by Debtor's residence located at 7145 W. Sells Drive, Phoenix, AZ 85033 has filed a proof of claim in the amount of $63,939.60 with arrears in the amount of $21,701.51. U.S. Bank shall be paid its arrears from plan proceeds. Debtor shall pay post-petition payments directly to U.S. Bank. By executing below U.S. Bank indicates its objection is resolved.

(3) Claims Secured by Personal Property

  a. Hyundai Capital America dba Kia Motors Finance ("Kia 1"), secured by a purchase money security interest in a 2015 Kia Sportage, has filed a secured claim in the amount of $16,679.45. Kia 1 shall be paid its secured claim, in full, with 5.25% interest. The creditor will receive adequate protection payments of $150.00 per month.

  b. Hyundai Capital America dba Kia Motors Finance ("Kia 2"), secured by a purchase money security interest in a 2014 Kia Soul shall have its collateral surrendered to it in accordance with paragraph 5 below.

  c. Capital One Auto Finance ("Capital One"), secured by a purchase money security interest in a 2014 Chevolet Spark, has filed a secured claim. Debtor is surrendering whatever interest he may have in the collateral. Payments will be made by a non-filing co-borrower directly to Capital One.

(4) Unsecured Priority Claims:

    a. None.

(5) Surrendered Property. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtor surrenders the following property:

    a. 2014 Chevrolet Spark is being surrendered to a non-filing co-borrower.
    b. 2014 Kia Soul is surrendered to Kia 2.

(6) Other Provisions:

    a. Debtor is not eligible for a discharge in this case. Debtor shall not receive a discharge upon completion of the Plan.

(7) Unsecured Nonpriority Claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan.

**(D) EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtor upon confirmation.

**ORDER SIGNED ABOVE**

Approved as to Form and Content By:

_____
Edward J. Maney, Trustee

_____
Michelle R. Ghidotti, Attorney for U.S. Bank Trust

_____
Benjamin J. Wright, Attorney for Debtor

3

The Debtor certifies: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____          2-20-18
Eid K. Badr, Debtor                                          Date

4